NOT FOR PUBLICATION

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**CAMDEN VICINAGE**

DEANNO A. WRIGHT,                    :
                                     :    Civ. No. 15-651 (RMB)
           Petitioner,               :
                                     :
     v.                              :         **OPINION**
                                     :
STEPHEN D'ILIO, Administrator,       :
New Jersey State Prison, and         :
the Attorney General of New Jersey,  :
                                     :
           Respondents.              :

**BUMB**, District Judge

     Petitioner Deanno A. Wright ("Wright"), an inmate confined in New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) Respondents filed an Answer, opposing habeas relief. (Answer, ECF No. 7.) The Court did not receive a reply from Petitioner. (Letters, ECF Nos. 20-23.)

I.   BACKGROUND

     After a jury trial in the New Jersey Superior Court, Law Division, Cape May County, Wright was convicted and sentenced to life in prison[1] for murder, felony murder, aggravated sexual

---

[1] The State sought the death penalty but the jury could not agree on the punishment, and the court entered a sentence of life in prison.

assault, and possession of a weapon for an unlawful purpose. (State v. Wright, App. Div. Opinion, Mar. 15, 2001, ECF No. 7-8 at 2.) The Appellate Division affirmed on direct appeal, and made the following findings of fact. (Id.) On January 8, 1996, the 24-year old victim was brutally raped and murdered in her Wildwood apartment. She had been stabbed at least thirteen times in the chest and neck. The investigation of her death included interrogation of a number of her male friends and acquaintances. Defendant was an acquaintance whom the victim disliked but was cordial to because of his friendship with her brother.

Early in the investigation, Wright told police he was close friends with the victim and he last saw her about two weeks before the murder. Wright had an alibi which his sisters corroborated but another witness contested. Wright also denied ever having sexual relations with the victim, which was proved to be untrue by uncontroverted DNA testing. In the words of the Appellate Division, "copious quantities" of Wright's DNA were collected from the victim and from the carpet under her body.

After Wright's direct appeal was denied on March 15, 2001, the New Jersey Supreme Court denied certification on June 21, 2001. (State v. Wright, App. Div., Opinion, March 15, 2001, ECF No. 7-8; N.J. S. Ct. Order, June 21, 2001, ECF No. 7-11.)

On October 2, 2001, Petitioner filed a federal habeas petition

under 28 U.S.C. § 2254. (<u>Wright v. Hendricks</u>, Civ. Action No. 01-4602, D.N.J.) The Honorable Stephen Orlofsky denied the petition without prejudice on July 15, 2003, finding that the petition contained exhausted and unexhausted claims, in violation of the total exhaustion rule in <u>Rose v. Lundy</u>, 455 U.S. 509 (1982). (District Court Opinion, July 15, 2003, ECF No. 7-16.) Wright was given the option of returning to state court to exhaust his unexhausted claims or to file an amended § 2254 petition containing only exhausted claims. (<u>Id.</u> at 4.) Petitioner chose to return to state court, and he filed a petition for post-conviction relief on October 5, 2004. (PCR Court Opinion, October 28, 2009, ECF No. 7-22.) The PCR Court found that the petition was time-barred but also denied Petitioner's ineffective assistance of counsel claims on the merits. (<u>Id.</u> at 7.)

On PCR appeal, the Appellate Division held that the merits of the PCR petition were properly before the PCR Court despite the untimeliness.[2] (<u>Id.</u> at 7-8.) The Appellate Division affirmed the PCR Court's denial of PCR on the merits. (<u>Id.</u> at 23.) The New Jersey Supreme Court denied Wright's petition for certification on

---

[2] Petitioner was sentenced on November 11, 1998, and his PCR Petition was filed on October 5, 2004, more than eleven months beyond the five-year limitations period for a PCR Petition in New Jersey. (PCR Court Opinion, October 28, 2009, ECF No. 7-22 at 9.)

March 10, 2010. (N.J. S. Ct. Order, ECF No. 7-26.)

Wright filed a second PCR petition on November 8, 2010. (Second PCR Pet., ECF No. 7-26.) On December 3, 2010, the PCR Court enforced the five-year time-bar of N.J. Court Rule 3:22-12(a), and denied the petition, finding that Wright had not shown excusable neglect for the untimeliness of the petition. (Order, New Jersey Superior Court, Law Division, Cape May County, ECF No. 7-28.) On May 29, 2012, the Appellate Division dismissed Wright's appeal of the PCR Court's decision because he failed to timely file a brief. (App. Div. Opinion, ECF No. 7-30.) The New Jersey Supreme Court denied Wright's petition for certification on July 3, 2014. (N.J. S. Ct. Order, ECF No. 7-33.) Wright filed the present petition on January 26, 2015. (Pet., ECF No. 1).

II.  DISCUSSION

A.  Respondents assert the petition is time-barred

Respondents contend the petition should be dismissed because it was filed after expiration of the one-year statute of limitations under 28 U.S.C. § 2244. (Answer, ECF No. 7 at 71-77.) Wright's direct review of his conviction became final on September 19, 2001, 90 days after the New Jersey Supreme Court denied his petition for certification on June 21, 2001. Wright filed a habeas petition under 28 U.S.C. § 2254 on October 2, 2001, and the petition was dismissed without prejudice on July 15, 2003, for

failure to exhaust his state court remedies. Respondents correctly assert that a habeas petition filed in a U.S. District Court does not toll the one-year limitation period. (Id. at 73; see Duncan v. Walker, 533 U.S. 167, 181 (2001) ("an application for federal habeas review is not an 'application for State post-conviction or other collateral review' within the meaning of [the tolling provision in] 28 U.S.C. § 2244(d)(2)).") Respondents further contend that the statute of limitations expired while Wright's first habeas petition was pending before the Court. (Id. at 73-77.) For the reasons discussed below, Wright's habeas petition is time-barred.

    B.   <u>Legal Standard</u>

    28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>     (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
>     (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>     (C) the date on which the constitutional

right asserted was initially recognized by the
Supreme Court, if the right has been newly
recognized by the Supreme Court and made
retroactively applicable to cases on
collateral review; or

(D) the date on which the factual
predicate of the claim or claims presented
could have been discovered through the
exercise of due diligence.

(2) The time during which a properly filed
application for State post-conviction or other
collateral review with respect to the
pertinent judgment or claim is pending shall
not be counted toward any period of limitation
under this subsection.

After a petitioner seeks review from the State's highest
court, the judgment of conviction becomes final, and the
limitations period begins to run after expiration of the 90-day
period for filing a petition for writ of certiorari in the United
States Supreme Court. Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir.
2000).

Pursuant to § 2244(d)(2), only a properly-filed application
for State post-conviction review or other collateral review tolls
the habeas statute of limitations. Pace v. DiGuglielmo, 544 U.S.
408, 413 (2005). An application for PCR is properly-filed when its
'delivery and acceptance are in compliance with the applicable
laws and rules governing filings' including 'time limits upon its
delivery.'" Id. (quoting Artuz v. Bennett, 531 U.S. 4, 8, 11
(2000)). Furthermore, the tolling provision does not reset the

date from which the one-year limitation period begins to run. Johnson v. Hendricks, 314 F.3d 159, 161-62 (3d Cir. 2002) cert. denied, 538 U.S. 1022 (2003).

Even if the statutory limitations period has passed, a petitioner may overcome that limitation if he can show a basis for equitable tolling. Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001). "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." Ross v. Varano, 712 F.3d 784, 798 (3d Cir. 2013) (citations omitted). "The diligence required for equitable tolling purposes is reasonable diligence." Ross, 712 F.3d at 799. The obligation to exercise reasonable diligence includes the period when a petitioner is exhausting state remedies. Id. (quoting LaCava v. Kyler, 398 F.3d 271, 277 (3d Cir. 2005) (citing Jones v. Morton, 195 F.3d 153, 160 (1999)). "The fact that a petitioner is proceeding pro se does not insulate him from the 'reasonable diligence' inquiry and his lack of legal knowledge or legal training does not alone justify equitable tolling." Id. at 800.

C.    Analysis

    1.    Direct Review became final on September 19, 2001

Petitioner's conviction and sentence were imposed on November

11, 1998. (PCR Court Opinion, October 28, 2009, ECF No. 7-22 at 9.) Petitioner appealed and the New Jersey Appellate Division affirmed the judgment on March 15, 2001. (App. Div. Opinion, March 15, 2001, ECF No. 7-8.) The New Jersey Supreme Court denied certification on June 21, 2001. (N.J. S. Ct. Order, June 21, 2001, ECF No. 7-11 at 2.) Petitioner did not file a writ of certiorari with the United States Supreme Court within ninety days after the New Jersey Supreme Court denied his petition. Thus, direct review became final when the 90-day period expired on September 19, 2001. The one-year statute of limitations began to run the day after the 90-day period expired, September 20, 2001.[3]

    2.   The statute of limitations was equitably tolled from October 2, 2001 through October 5, 2004

On October 2, 2001, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254. (Wright v. Hendricks, Civ. Action No. 01-4602, D.N.J.) The Honorable Stephen Orlofsky denied the petition without prejudice on July 15, 2003, finding that the petition contained exhausted and unexhausted claims, in violation of the

---

[3] Federal Rule of Civil Procedure 6 describes how to compute any time period in any statute that does not specify a method of computing time. Fed. R. Civ. P. 6(a). In computing time, one should exclude the day of the event that triggers the period; count every day including intermediate Saturdays, Sundays and legal holidays; and include the last day of the period unless it is a Saturday, Sunday or legal holiday, in which case it runs until the next day. Fed. R. Civ. P. 6(a)(1)(A-C).

total exhaustion rule in Rose v. Lundy, 455 U.S. 509 (1982)). (District Court Opinion, July 15, 2003, ECF No. 7-16.)

Subsequent to Judge Orlofsky's decision, the United States Supreme Court recognized that the "as a result of the interplay between AEDPA's 1-year statute of limitations and *Lundy*'s dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Thus, the Court held that a district court should stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust state court remedies, if the petitioner had good cause for failing to first exhaust his claims in state court, and if his unexhausted claims were not "plainly meritless." Id. at 277. Such a stay should be structured with "reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

Wright's filing of his first habeas petition did not toll the statute of limitations, and more than one-year passed while the petition was pending before Judge Orlofsky. The delay in addressing Wright's mixed petition in federal court is an extraordinary circumstance that precluded him from filing a timely subsequent habeas petition after properly exhausting his state court remedies. See Urcinoli v. Cathel, 546 F.3d 269, 273 (3d Cir. 2008)

(granting equitable tolling where the petitioner was prevented from pursuing his habeas claims when the District Court, relying upon Rose v. Lundy, dismissed his claims in a way that "ensured they would never be reviewed by a federal court.")

Therefore, this Court finds the statute of limitations should be equitably tolled for the period in which Judge Orlofsky could have entered a stay and abeyance. If Judge Orlofsky had entered a stay and abeyance, the statute of limitations would have stopped running when Petitioner filed his habeas petition, and Petitioner would have been given a reasonable amount of time to return to state court to exhaust his administrative remedies. Petitioner returned to state court on October 5, 2004, and filed a petition for post-conviction relief. (PCR Court Opinion, October 28, 2009, ECF No. 7-22.) Not having been given an explicit time-limitation, three months was a reasonable amount of time after dismissal of the habeas petition for Wright to return to state court. Therefore, the statute of limitations was equitably tolled from October 2, 2001 through October 5, 2004.

    3.   Wright's first PCR proceeding tolled the statute of limitations from October 5, 2004 through March 10, 2010

The PCR Court found that the October 5, 2004 petition was time-barred but nevertheless denied Petitioner's ineffective assistance of counsel claims on the merits. (Appellate Division

Opinion, October 28, 2009, ECF No. 7-22 at 7.) On PCR appeal, the Appellate Division held that the merits of the PCR petition were properly before the PCR Court despite the untimeliness, agreeing with Wright's argument that his untimeliness was due to excusable neglect, and application of the time-bar would result in an injustice.[4] (Id. at 6-8.)

A post-conviction petition that is rejected by a state court as untimely is not properly-filed within the meaning of the statutory tolling provision of 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417. Here, however, the Appellate Division determined that the merits of the PCR petition were "properly" before the PCR Court, agreeing that defendant had satisfied the burden of showing excusable neglect and injustice resulting from application of the time-bar when the delay in filing was due to the defendant's excusable neglect and if enforcement of the time-bar would result in a fundamental injustice. (Appellate Division Opinion, October 28, 2009, ECF No. 7-22 at 7.) Therefore, the petition was not untimely under state law. Wright's first PCR petition was properly-filed and tolled that statute of limitations pursuant to §

---

[4] Petitioner was sentenced on November 11, 1998, and his first PCR Petition was filed on October 5, 2004, more than eleven months beyond the five-year limitations period for a PCR Petition in New Jersey. (Appellate Division Opinion, October 28, 2009, ECF No. 7-22 at 9.)

2244(d)(2).

The Appellate Division affirmed the PCR Court's denial of PCR on the merits. (Id. at 23.) The New Jersey Supreme Court denied Wright's petition for certification on March 10, 2010. (N.J. S. Ct. Order, ECF No. 7-26.)

A prisoner who is reasonably confused about whether his state post-conviction proceeding will be deemed properly-filed has good cause to file a federal habeas petition and seek a stay and abeyance tolling the statute of limitations. Pace, 544 U.S. at 416. As of March 10, 2010, Wright should have returned to federal court within a reasonable period of time to reopen his federal habeas petition. Instead, he filed a second PCR petition on November 8, 2010, nearly eight months after his first PCR proceeding ended and more than ten years after his conviction and sentence. (Second PCR Pet., ECF No. 7-27.)

Wright did not act with reasonable diligence in pursuing his habeas claims by waiting eight months after the conclusion of his first PCR proceeding to take any further action. Therefore, he was not entitled to equitable tolling of the statute of limitations for this eight-month period in which he could have returned to federal court and asked for a stay and abeyance before seeking to bring an untimely second PCR proceeding. Moreover, as discussed below, Wright's second PCR proceeding was not "properly-filed"

within the meaning of § 2244(d)(2), and did not toll the statute of limitations after his first PCR proceeding ended.

4. Wright's second PCR proceeding was not properly filed and did not toll the statute of limitations from November 8, 2010 through July 3, 2014

On December 13, 2010, the PCR Court enforced the five-year time-bar of N.J. Court Rule 3:22-12(a), and denied Wright's second PCR petition, finding that Wright had not shown excusable neglect for untimeliness of the petition. (New Jersey Superior Court, Law Division, Cape May County, Order, ECF No. 7-28.) On May 29, 2012, the Appellate Division dismissed Wright's appeal of the PCR Court's decision because he failed to timely file a brief. (App. Div. Opinion, ECF No. 7-30.) The New Jersey Supreme Court denied Wright's petition for certification on July 3, 2014. (N.J. S. Ct. Order, ECF No. 7-33.) Therefore, Wright's second PCR petition was not properly-filed and did not toll the statute of limitations. See Allen v. Siebert, 552 U.S. 3, 6-7 (2007) (where state court finds post-conviction petition untimely under state law, the statute of limitations is not tolled under § 2244(d)(2), even if the state time limit is not jurisdictional.)

The statute of limitations began to run on September 20, 2001, after conclusion of direct review. Thirty days of the one-year statute of limitations ran until it was equitably tolled from October 2, 2001 through October 5, 2004, the time in which Judge

13

Orlofsky could have entered a stay and abeyance of Wright's first federal habeas petition. Because Wright's first PCR proceeding was properly-filed on October 5, 2004, and was pending until its conclusion on March 10, 2010, the statute of limitations remained tolled.

Equitably tolling no longer applied when Wright failed to return to federal court within a reasonable time after the conclusion of his first PCR proceeding. In <u>Rhines</u>, the Supreme Court held that a reasonable period of time in which to return to federal court after exhausting state remedies is "normally" 30 days, but this Court will toll the statute of limitations for 90 days following the conclusion of Wright's first PCR petition, until June 8, 2010. Wright's second PCR petition on November 8, 2010 was not properly filed and did not toll the statute of limitations.

Wright filed the present petition on January 26, 2015. (Pet., ECF No. 1), and even with the benefit of the prison mailbox rule,[5] the petition was years too late. Therefore, the habeas petition is

---

[5] Under the prison mailbox rule, a *pro se* prisoner's habeas petition is deemed filed on the day when the prisoner places his habeas petition in the hands of prison authorities for mailing. <u>Burns v. Morton</u>, 134 F.3d 109, 113 (3d Cir. 1998). On the face of the petition, Wright declared that he gave the petition to prison officials for mailing on August 12, 2014. (Pet, ECF No. 1 at 16.) However, the cover letter he submitted to the Court with the petition is dated January 13, 2015. (Cover letter, ECF No. 1-2 at 1.) It does not appear that Petitioner gave the petition to prison officials for mailing on August 12, 2014.

statutorily time-barred.

III. CERTIFICATE OF APPEALABILITY

This Court must determine whether Wright is entitled to a certificate of appealability in this matter. See Third Circuit Local Appellate Rule 22. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Wright has not made a substantial showing of denial of a constitutional based on dismissal of his habeas petition as barred by the statute of limitations, and this Court will not issue a certificate of appealability.

IV. CONCLUSION

In the accompanying Order filed herewith, the Court dismisses the habeas petition without prejudice as barred by the statute of limitations. Because the Court never received Wright's reply to Respondents' Answer, Wright shall have 30 days from the date of this decision to file a brief in support of the timeliness of the petition. If Wright does not submit a writing in support of the timeliness of the petition within 30 days of this decision, dismissal of this matter shall be with prejudice.

**Dated:** January 16, 2018

s/Renée Marie Bumb
**RENÉE MARIE BUMB**
**United States District Judge**