## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY
## CAMDEN VICINAGE

DEANNO A. WRIGHT,                       :
                                        :     Civ. No. 15-651 (RMB)
            Petitioner,                 :
                                        :
        v.                              :         **OPINION**
                                        :
STEPHEN D'ILIO, Administrator,          :
New Jersey State Prison, and            :
the Attorney General of New Jersey,     :
                                        :
            Respondents.                :

**BUMB**, District Judge

Petitioner Deanno A. Wright ("Wright"), an inmate confined in New Jersey State Prison in Trenton, New Jersey, filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254. (Pet., ECF No. 1.) On January 16, 2018, this Court dismissed the petition as barred by the statute of limitations. (Opinion and Order, ECF No. 25, 26.) Dismissal was without prejudice, permitting Wright to submit a brief in support of equitable tolling of the statute of limitations. (Id.) The Court reopens this matter to address Wright's submission opposing dismissal of his petition under the statute of limitations.

I.  PROCEDURAL HISTORY

As this Court stated in its Opinion dismissing this § 2254 petition as barred by the one-year habeas statute of limitations,

Wright was convicted and sentenced to life in prison for murder, felony murder, aggravated sexual assault, and possession of a weapon for an unlawful purpose in the New Jersey Superior Court, Cape May County. (State v. Wright, App. Div. Opinion, Mar. 15, 2001, ECF No. 7-8 at 2.) After Wright's direct appeal was denied on March 15, 2001, the New Jersey Supreme Court denied certification on June 21, 2001. (State v. Wright, App. Div., Opinion, March 15, 2001, ECF No. 7-8; N.J. S. Ct. Order, June 21, 2001, ECF No. 7-11.)

On October 2, 2001, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254. (Wright v. Hendricks, Civ. Action No. 01-4602, D.N.J.) The Honorable Stephen Orlofsky denied the petition without prejudice on July 15, 2003, finding that the petition contained exhausted and unexhausted claims, in violation of the total exhaustion rule in Rose v. Lundy, 455 U.S. 509 (1982). (District Court Opinion, July 15, 2003, ECF No. 7-16.) Wright was given the option of returning to state court to exhaust his unexhausted claims or to file an amended § 2254 petition containing only exhausted claims. (Id. at 4.) Petitioner chose to return to state court, and he filed a petition for post-conviction relief on October 5, 2004. (PCR Court Opinion, October 28, 2009, ECF No. 7-22.) The PCR Court found that the petition was time-barred but also denied Petitioner's ineffective assistance of counsel claims

on the merits. (Id. at 7.)

On PCR appeal, the Appellate Division held that the merits of the PCR petition were properly before the PCR Court despite the untimeliness.[1] (Id. at 7-8.) The Appellate Division affirmed the PCR Court's denial of PCR on the merits. (Id. at 23.) The New Jersey Supreme Court denied Wright's petition for certification on March 10, 2010. (N.J. S. Ct. Order, ECF No. 7-26.)

Wright filed a second PCR petition on November 8, 2010. (Second PCR Pet., ECF No. 7-26.) On December 3, 2010, the PCR Court enforced the five-year time-bar of N.J. Court Rule 3:22-12(a), and denied the petition, finding that Wright had not shown excusable neglect for the untimeliness of the petition. (Order, New Jersey Superior Court, Law Division, Cape May County, ECF No. 7-28.) On May 29, 2012, the Appellate Division dismissed Wright's appeal of the PCR Court's decision because he failed to timely file a brief. (App. Div. Opinion, ECF No. 7-30.) The New Jersey Supreme Court denied Wright's petition for certification on July 3, 2014. (N.J. S. Ct. Order, ECF No. 7-33.) Wright filed the present petition on January 26, 2015. (Pet., ECF No. 1).

_____

[1] Petitioner was sentenced on November 11, 1998, and his PCR Petition was filed on October 5, 2004, more than eleven months beyond the five-year limitations period for a PCR Petition in New Jersey. (PCR Court Opinion, October 28, 2009, ECF No. 7-22 at 9.)

This Court made the following findings in its Opinion on January 16, 2018. (Opinion, ECF No. 25.) Petitioner's conviction and sentence were imposed on November 11, 1998. (PCR Court Opinion, October 28, 2009, ECF No. 7-22 at 9.) Petitioner appealed and the New Jersey Appellate Division affirmed the judgment on March 15, 2001. (App. Div. Opinion, March 15, 2001, ECF No. 7-8.) The New Jersey Supreme Court denied certification on June 21, 2001. (N.J. S. Ct. Order, June 21, 2001, ECF No. 7-11 at 2.) Petitioner did not file a writ of certiorari with the United States Supreme Court within ninety days after the New Jersey Supreme Court denied his petition. Thus, direct review became final when the 90-day period expired on September 19, 2001. The one-year statute of limitations began to run the day after the 90-day period expired, September 20, 2001.

On October 2, 2001, Petitioner filed a federal habeas petition under 28 U.S.C. § 2254. (Wright v. Hendricks, Civ. Action No. 01-4602, D.N.J.) The Honorable Stephen Orlofsky denied the petition without prejudice on July 15, 2003, finding that the petition contained exhausted and unexhausted claims, in violation of the total exhaustion rule in Rose v. Lundy, 455 U.S. 509 (1982)). (District Court Opinion, July 15, 2003, ECF No. 7-16.)

Subsequent to Judge Orlofsky's decision, the United States Supreme Court recognized that the "as a result of the interplay

between AEDPA's 1-year statute of limitations and Lundy's dismissal requirement, petitioners who come to federal court with 'mixed' petitions run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines v. Weber, 544 U.S. 269, 275 (2005). Thus, the Court held that a district court should stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust state court remedies, if the petitioner had good cause for failing to first exhaust his claims in state court, and if his unexhausted claims were not "plainly meritless." Id. at 277. Such a stay should be structured with "reasonable time limits on a petitioner's trip to state court and back." Id. at 278.

Wright's filing of his first habeas petition did not toll the statute of limitations, and more than one-year passed while the petition was pending before Judge Orlofsky. The delay in addressing Wright's mixed petition in federal court is an extraordinary circumstance that precluded him from filing a timely subsequent habeas petition after properly exhausting his state court remedies. See Urcinoli v. Cathel, 546 F.3d 269, 273 (3d Cir. 2008) (granting equitable tolling where the petitioner was prevented from pursuing his habeas claims when the District Court, relying upon Rose v. Lundy, dismissed his claims in a way that "ensured they would never be reviewed by a federal court.")

Therefore, this Court finds the statute of limitations should be equitably tolled for the period in which Judge Orlofsky could have entered a stay and abeyance. If Judge Orlofsky had entered a stay and abeyance, the statute of limitations would have stopped running when Petitioner filed his habeas petition, and Petitioner would have been given a reasonable amount of time to return to state court to exhaust his administrative remedies. Petitioner returned to state court on October 5, 2004, and filed a petition for post-conviction relief. (PCR Court Opinion, October 28, 2009, ECF No. 7-22.) Not having been given an explicit time-limitation, three months was a reasonable amount of time after dismissal of the habeas petition for Wright to return to state court. Therefore, the statute of limitations was equitably tolled from October 2, 2001 through October 5, 2004.

The PCR Court found that the October 5, 2004 petition was time-barred but nevertheless denied Petitioner's ineffective assistance of counsel claims on the merits. (Appellate Division Opinion, October 28, 2009, ECF No. 7-22 at 7.) On PCR appeal, the Appellate Division held that the merits of the PCR petition were properly before the PCR Court despite the untimeliness, agreeing with Wright's argument that his untimeliness was due to excusable neglect, and application of the time-bar would result in an injustice. (Id. at 6-8.)

6

A post-conviction petition that is rejected by a state court as untimely is not properly-filed within the meaning of the statutory tolling provision of 28 U.S.C. § 2244(d)(2). Pace, 544 U.S. at 417. Here, however, the Appellate Division determined that the merits of the PCR petition were "properly" before the PCR Court, agreeing that defendant had satisfied the burden of showing excusable neglect and injustice resulting from application of the time-bar when the delay in filing was due to the defendant's excusable neglect and if enforcement of the time-bar would result in a fundamental injustice. (Appellate Division Opinion, October 28, 2009, ECF No. 7-22 at 7.) Therefore, the petition was not untimely under state law. Wright's first PCR petition was properly-filed and tolled that statute of limitations pursuant to § 2244(d)(2).

The Appellate Division affirmed the PCR Court's denial of PCR on the merits. (Id. at 23.) The New Jersey Supreme Court denied Wright's petition for certification on March 10, 2010. (N.J. S. Ct. Order, ECF No. 7-26.)

A prisoner who is reasonably confused about whether his state post-conviction proceeding will be deemed properly-filed has good cause to file a federal habeas petition and seek a stay and abeyance tolling the statute of limitations. Pace, 544 U.S. at 416. As of March 10, 2010, Wright should have returned to federal

court within a reasonable period of time to reopen his federal habeas petition. Instead, he filed a second PCR petition on November 8, 2010, nearly eight months after his first PCR proceeding ended and more than ten years after his conviction and sentence. (Second PCR Pet., ECF No. 7-27.)

Wright did not act with reasonable diligence in pursuing his habeas claims by waiting eight months after the conclusion of his first PCR proceeding to take any further action. Therefore, he was not entitled to equitable tolling of the statute of limitations for this eight-month period in which he could have returned to federal court and asked for a stay and abeyance before seeking to bring an untimely second PCR proceeding. Moreover, as discussed below, Wright's second PCR proceeding was not "properly-filed" within the meaning of § 2244(d)(2), and did not toll the statute of limitations after his first PCR proceeding ended.

On December 13, 2010, the PCR Court enforced the five-year time-bar of N.J. Court Rule 3:22-12(a), and denied Wright's second PCR petition, finding that Wright had not shown excusable neglect for untimeliness of the petition. (New Jersey Superior Court, Law Division, Cape May County, Order, ECF No. 7-28.) On May 29, 2012, the Appellate Division dismissed Wright's appeal of the PCR Court's decision because he failed to timely file a brief. (App. Div. Opinion, ECF No. 7-30.) The New Jersey Supreme Court denied

Wright's petition for certification on July 3, 2014. (N.J. S. Ct. Order, ECF No. 7-33.) Therefore, Wright's second PCR petition was not properly-filed and did not toll the statute of limitations. See Allen v. Siebert, 552 U.S. 3, 6-7 (2007) (where state court finds post-conviction petition untimely under state law, the statute of limitations is not tolled under § 2244(d)(2), even if the state time limit is not jurisdictional.)

The statute of limitations began to run on September 20, 2001, after conclusion of direct review. Thirty days of the one-year statute of limitations ran until it was equitably tolled from October 2, 2001 through October 5, 2004, the time in which Judge Orlofsky could have entered a stay and abeyance of Wright's first federal habeas petition. Because Wright's first PCR proceeding was properly-filed on October 5, 2004, and was pending until its conclusion on March 10, 2010, the statute of limitations remained tolled.

Equitably tolling no longer applied when Wright failed to return to federal court within a reasonable time after the conclusion of his first PCR proceeding. In Rhines, the Supreme Court held that a reasonable period of time in which to return to federal court after exhausting state remedies is "normally" 30 days, but this Court will toll the statute of limitations for 90 days following the conclusion of Wright's first PCR petition, until

June 8, 2010. Wright's second PCR petition on November 8, 2010 was not properly filed and did not toll the statute of limitations.

Wright filed the present petition on January 26, 2015. (Pet., ECF No. 1), and even with the benefit of the prison mailbox rule, the petition was years too late. Therefore, the habeas petition is statutorily time-barred.

II.  <u>DISCUSSION</u>

Most of Wright's submission seeking to reopen this matter relates to the merits of his constitutional claims challenging his conviction. (Petr's Objections and Response, ECF No. 27-1.) This Court did not reach those claims because it found the petition was barred by the statute of limitations.

Wright acknowledges that the Appellate Division dismissed the appeal of his second PCR petition because he untimely filed his brief. (<u>Id.</u>, ¶28.) Wright contends his petition was dismissed arbitrarily "[b]ecause the appellate appeal filing process is set-up in such a way to promote and support that practice if say, a clerk or whomever want to misplace, lose etc, documents sent by someone." (<u>Id.</u>, ¶30.) Wright contends he did everything possible to exhaust Claims 20, 21, 22 and 23 of his petition in the state courts, but he was hampered by the process for appealing the PCR Court decision. (<u>Id.</u>, ¶¶35-39.)

The one-year statute of limitations for habeas petitions

under § 2254 is subject to equitable tolling. <u>Holland v. Florida</u>, 560 U.S. 631, 645 (2010). "[A] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." <u>Id.</u> at 649 (quoting <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005)(emphasis deleted).

Even if Wright timely submitted his brief on appeal of the second PCR Court decision, he is not entitled to equitably tolling during his second PCR proceeding. After his first PCR concluded, Wright knew the five-year time period to submit his second PCR petition had long expired.

In this instance, the statute of limitations for a § 2254 petition is one-year from the time the time direct appeal became final, and only properly-filed PCR proceedings toll the habeas clock. 28 U.S.C. § 2244(d). To preserve his habeas review when his first PCR proceeding concluded, Wright should have filed his federal habeas petition and sought a stay and abeyance. <u>See</u> <u>Rhines</u>, 544 U.S. at 278 ("it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

litigation tactics.")

Wright could not have been certain that the PCR Court would permit his untimely second PCR proceeding, and he could not rely on statutory tolling of the habeas time limit if his PCR petition was not deemed "properly-filed." Reasonable diligence in preserving timely habeas review is required, and Wright did not do so. Therefore, he is not entitled to equitable tolling of the habeas statute of limitations while he attempted to bring a second untimely PCR petition. <u>See</u> <u>Morris v. Horn</u>, 187 F.3d 333, 343 (3d Cir. 1999)(where the consequences of filing a second PCRA petition that might be rejected as untimely were readily apparent, there were no extraordinary circumstances to justify equitable tolling.)

III. <u>CERTIFICATE OF APPEALABILITY</u>

This Court must determine whether Wright is entitled to a certificate of appealability in this matter. <u>See</u> Third Circuit Local Appellate Rule 22. The Court will issue a certificate of appealability if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Wright has not made a substantial showing of denial of a constitutional based on dismissal of his habeas petition as barred by the statute of limitations, and this Court will not issue a certificate of appealability.

III. <u>CONCLUSION</u>

In the accompanying Order filed herewith, the Court dismisses the habeas petition with prejudice as barred by the statute of limitations in 28 U.S.C. § 2244.

**Dated: April 18, 2018**

<u>s/Renée Marie Bumb</u>
**RENÉE MARIE BUMB**
**United States District Judge**